ANDRZEJ KRZEPTOWSKI,

      Plaintiff,

  v.

CORRUGATED SUPPLIES COMPANY, LLC,

      Defendant.

No. 17 CV 938

Judge Manish S. Shah

## MEMORANDUM OPINION AND ORDER

Plaintiff Andrzej Krzeptowski was an employee on the production line of defendant Corrugated Supplies Company, LLC. Krzeptowski injured his shoulder and was subsequently placed on light duty. Corrugated later terminated Krzeptowski's employment due to unjustified absences, which Krzeptowski claims was a pretext for discrimination on the basis of his disability, age, and national origin and retaliation for asserting his protected rights. Krzeptowski brings employment discrimination claims against Corrugated pursuant to the Americans with Disabilities Act, Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, Family and Medical Leave Act, and Illinois Workers' Compensation Act. Corrugated moves to dismiss the ADEA, Title VII, and FMLA claims. For the following reasons, the motion is granted in part, denied in part.

## I.  Legal Standards

To survive a motion to dismiss, a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court must accept as true all of the facts alleged in the complaint and draw reasonable inferences from those facts in the plaintiff's favor, but the court is not required to accept as true the complaint's legal conclusions. *Id.* at 678–79. In considering a motion to dismiss under Rule 12(b)(6), the court reviews the complaint, exhibits attached to the complaint, and, if they are central to the claims, documents referenced by the complaint. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).

## II.    Facts

Krzeptowski is a 64-year-old man of Polish origin. [18] ¶¶ 3, 12.[1] He began working at Corrugated, a manufacturer and distributor of corrugated cardboard sheets, in 2007. [18] ¶¶ 1, 16. One of the positions Krzeptowski occupied at Corrugated was stacker operator, requiring him to inspect and measure cardboard sheets and then assemble them into bundles. [18] ¶ 52. Starting in March 2014, Krzeptowski's supervisor would yell and scream at him, demeaning him in front of his co-workers. [18] ¶ 199. Only Krzeptowski was subjected to this harassment. [18] ¶ 199. Krzeptowski reported the harassment to the plant manager, but Corrugated took no action to stop the harassment. [18] ¶¶ 201, 203.

On September 27, 2014, Krzeptowski was performing his stacker operator duties when he injured his right shoulder. [18] ¶¶ 55, 57. Krzeptowski went to see doctors at the occupational clinic designated by Corrugated, who observed strain in his right shoulder. [18] ¶¶ 61–62. Krzeptowski returned to the clinic a couple of

[1] Bracketed numbers refer to docket numbers on the district court docket. Page numbers are taken from the CM/ECF header at the top of filings.

weeks later, where the doctors observed bilateral shoulder pain and diagnosed him with rotator cuff tendinopathy. [18] ¶ 65. A clinic doctor attributed his injuries to his job. [18] ¶ 66. In October 2014, another clinic doctor examined Krzeptowski and ordered restrictions on his work, prohibiting him from overhead lifting and lifting 10 pounds with either arm. [18] ¶¶ 73–74. Starting that day, Krzeptowski was put on light duty at Corrugated to accommodate his disability. [18] ¶ 75. During that time, he continued to see the clinic doctors, who faxed work status reports back to Corrugated, modifying the restrictions as needed. [18] ¶¶ 77–103.

In March 2015, Krzeptowski was examined by an independent medical examiner, who opined that the shoulder pain was not related to work or any injury sustained at work on September 27. [18] ¶¶ 104–05. At the end of April 2015, Krzeptowski had a meeting with Rebecca Hill, Corrugated's benefits manager; an operations manager; and Krzeptowski's union representative, who also served as his translator from English to Polish. [18] ¶ 123. Hill told Krzeptowski that his light duty assignment was no longer available and he would not be able to come to work anymore. [18] ¶¶ 125–26. Krzeptowski was unhappy with Corrugated's decision to terminate his light duty assignment, a sentiment he voiced at the meeting. [18] ¶¶ 128–29. Hill sent Krzeptowski home with paperwork for FMLA leave and short-term disability. [18] ¶ 126. The forms were in English, but Krzeptowski is not fluent in English. [18] ¶ 126. The FMLA form indicated that Krzeptowski was eligible for FMLA leave, but he was required to submit a timely certification form in order for Corrugated to determine whether the absence would qualify as FMLA leave. [18-2]

at 11. Corrugated sent Krzeptowski a letter a couple of weeks later to warn him to provide documentation to support his leave. [18] ¶ 146. On May 26, 2015, Krzeptowski received another letter from Corrugated, this time informing him that he was terminated due to his unjustified absence. [18] ¶ 149.

## III.   Analysis

Corrugated moves to dismiss Krzeptowski's claims that arise under the ADEA, Title VII, and the FMLA. Krzeptowski also brought claims under the ADA and Illinois Workers' Compensation Act, but Corrugated does not challenge them in its motion to dismiss.[2]

### A.   Discrimination

Krzeptowski brings claims for several forms of discrimination—discriminatory failure to accommodate his disability, discriminatory termination, and hostile work environment—on the basis of his age and national origin, in violation of the ADEA and Title VII. The parties—Krzeptowski in particular—spent a sizeable portion of their briefing on the pleading requirements for discrimination. Corrugated is right that "a complaint must contain something more than a general recitation of the elements of the claim." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). But for employment discrimination claims, the pleading requirement is "minimal." *Clark v. Law Office of Terrence Kennedy, Jr.*, 709 Fed.

---

[2] Krzeptowski argues that Corrugated waived its argument that the ADEA and Title VII claims do not state a claim for relief, because Corrugated did not move to dismiss the ADA claims and the ADA claims share the same facts in the complaint as the ADEA and Title VII claims. But each claim is different and they do not, in fact, share all the same facts (or the same legal requirements for that matter). Corrugated's decision to not challenge the ADA claims at this stage does not handcuff it with respect to the ADEA and Title VII claims.

App'x 826, 828 (7th Cir. 2017). "A plaintiff need only identify the type of discrimination, when it occurred, and by whom." *Id.* (citing *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 833 (7th Cir. 2015)). *See also Samovsky v. Nordstrom, Inc.*, 619 Fed. App'x 547, 548 (7th Cir. 2015) ("'I was turned down for a job because of my race' is all a complaint has to say." (citation omitted)).

### 1. Failure to Accommodate

Krzeptowski claims that Corrugated's failure to accommodate his disability constitutes discrimination on the basis of his age (Count V) and on the basis of his national origin (Count IX).[3] Corrugated points out that some statements in Krzeptowski's response brief and complaint could suggest Krzeptowski is arguing that Corrugated was required to reasonably accommodate Krzeptowski's age and national origin. Corrugated is correct that, unlike the ADA, the ADEA and Title VII do not provide a cause of action for the failure to accommodate. *Compare* 42 U.S.C. § 12112(b)(5)(A) (ADA provision requiring reasonable accommodation), *with* 29 U.S.C. § 623 (ADEA prohibited acts, not including reasonable accommodation), *and* 42 U.S.C. § 2000e(j) (Title VII provision only requiring reasonable accommodation of religious observance). To the extent those are Krzeptowski's claims, they must be dismissed. But Krzeptowski's claims, though labeled "failure to accommodate," seem

---

[3] Neither party addressed the issue of mixed motives. Each of Krzeptowski's discrimination claims—failure to accommodate, termination, and hostile work environment—attribute the discrimination to his disability, age, *and* national origin. Although Krzeptowski's ADEA discrimination claims survive the motion to dismiss today, he should be mindful that eventually he will need to "establish that age was the 'but-for' cause of [Corrugated's] adverse action" and proof that age was "one motivating factor" will be insufficient. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–79 (2009).

to really be discrimination claims—allegations that Corrugated did not accommodate his disability because of his age or national origin—and discrimination is prohibited by the ADEA and Title VII.

Krzeptowski meets the minimal pleading requirement on these claims. I assume, without deciding, that the failure to accommodate an employee's disability—particularly when the lack of accommodation requires the employee to go on leave—amounts to "a materially adverse change in the terms and conditions of employment [that is] more disruptive than a mere inconvenience or an alteration of job responsibilities." *Alamo v. Bliss*, 864 F.3d 541, 552 (7th Cir. 2017). *See also Ceska v. City of Chicago*, No. 13 C 6403, 2015 WL 468767, at *5 (N.D. Ill. Feb. 3, 2015). The complaint alleges that Krzeptowski requested to continue light duty work as a reasonable accommodation for his disability, which was denied. [18] ¶¶ 130–132. It also alleges that Corrugated denied Krzeptowski a reasonable accommodation for his disability "due to . . . his age (DOB: [redacted]) and his national origin, Polish." [18] ¶ 186. The complaint contains allegations that younger and non-Polish employees were permitted to work light duty when they had similar physical restrictions to Krzeptowski. [18] ¶ 176.

Corrugated is right that one day Krzeptowski may have to prove that similarly situated co-workers received favorable treatment (although that method of proving discrimination is not the only one). And at that time, generic references to younger employees or non-Polish employees will not suffice. *See Brown v. Advocate*

*S. Suburban Hosp.*, 700 F.3d 1101, 1104–05 (7th Cir. 2012). This is not that time. *See Huri*, 804 F.3d at 834.

Corrugated's motion to dismiss Counts V and IX is denied.

### 2. *Termination*

Krzeptowski's claims that he was terminated because of discrimination on the basis of his age (Count VI) and national origin (Count X) also meet the pleading requirements. The complaint alleges that Corrugated discriminated against Krzeptowski when it terminated his employment but did not terminate similarly situated younger, non-Polish employees who had similar absences and did not return leave forms. [18] ¶¶ 178–79. The complaint also alleges that "Krzeptowski was terminated by Corrugated on May 26, 2015 due to his disability related to his age, 62" and "due to his disability related to his national origin, Polish." [18] ¶¶ 196–97. This language could be interpreted as alleging that Krzeptowski was terminated due to his disability, and the disability was related to his age and national origin. But construing the complaint in Krzeptowski's favor, the allegation is that Krzeptowski's termination constituted discrimination because it disparately treated him on the basis of his age and national origin with respect to his disability. Put another way, Krzeptowski alleges that Corrugated would not have fired him for his disability if he was younger and not Polish. This form of discriminatory termination is adequately pleaded.

Corrugated's motion to dismiss Counts VI and X is denied.

### 3. Hostile Work Environment

Krzeptowski alleges that from March 2014 to April 2015 his supervisor "yelled and screamed at him and demeaned him in front of other employees" based on his age (Count VIII) and national origin (Count XII). [18] ¶ 199. Once again, the minimal pleading requirements—answers to the questions of what type of discrimination, by whom, and when—are met. Corrugated argues that Krzeptowski has failed to allege that his age or Polish heritage motivated the harassment, but he has fulfilled his obligation at this stage by alleging that the harassment was based on his age and national origin. [18] ¶¶ 225, 235. Corrugated also argues that Krzeptowski has not alleged harassment that is pervasive or severe enough to state a claim for hostile work environment. But "it is premature at the pleadings stage to conclude just how abusive [Krzeptowski]'s work environment was." *Huri*, 804 F.3d at 834. It is plausible that yelling and demeaning comments directed only at Krzeptowski could constitute abuse.

Corrugated's motion to dismiss Counts VIII and XII is denied.

### B. Retaliation

Corrugated argues that Krzeptowski's retaliation claims based on age (Count VII) and national origin (Count XI) must be dismissed because he has not exhausted his administrative remedies. Failure to exhaust administrative remedies is an affirmative defense, which is appropriately decided at the pleadings stage only "if it [is] clear from the face of the complaint that the affirmative defense applie[s]." *Bibbs v. Sheriff of Cook Cty.*, 618 Fed. App'x 847, 849 (7th Cir. 2015). *See also Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010). Krzeptowski attached to his

complaint the EEOC charge and the letter that he says amended it, and these attached exhibits are considered to be part of the complaint. *See* Fed. R. Civ. P. 10(c). Considering the complaint as a whole, it is apparent that Krzeptowski failed to exhaust his administrative remedies with respect to the retaliation claims.

Plaintiffs who bring claims under the ADEA or Title VII are limited to claims included in the EEOC charge and those that are "like or reasonably related to" the allegations in the charge. *Reynolds v. Tangherlini*, 737 F.3d 1093, 1102 (7th Cir. 2013). "At a minimum, this means that the EEOC charge and the complaint must describe the same conduct and implicate the same individuals." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). Krzeptowski's EEOC charge included a couple of pages worth of particulars about his complaints, [18-1] at 1–3, but nowhere does the charge allege retaliation or describe conduct that constitutes retaliation. Nor did Krzeptowski check the "retaliation" box on the form, which does not necessarily mean retaliation was not included in the charge but further weighs in that direction. *See Graham v. AT&T Mobility, LLC*, 247 Fed. App'x 26, 29 (7th Cir. 2007).

Krzeptowski argues that a letter submitted to the EEOC amended the charge and expanded it to include retaliation.[4] The letter alleged that Corrugated retaliated against Krzeptowski for "objecting to the denial of continued reasonable

---

[4] Krzeptowski alleges that Corrugated waived the argument that the letter did not amend the EEOC complaint because Corrugated admitted the amendment for the ADA claim. But it is not clear that Corrugated conceded that the letter amended the original charge for the ADA claim. *See* [25] at 6 ("[T]he letter request is just that: a letter. No amended charge is attached to the [complaint] or, to Corrugated's knowledge, was ever filed."). Furthermore, as explained in footnote 2, the ADEA and Title VII claims are distinct from the ADA claim.

accommodation on light duty . . . and for asserting his worker's compensation claim rights." [18-1] at 5. EEOC regulations provide that "[a] charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made" in the charge. 29 C.F.R. § 1601.12(b). "[A]mendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." *Id.* Krzeptowski's new allegations of retaliation go beyond clarifying or amplifying the conduct alleged in the original charge. Allegations of Krzeptowski's engagement in protected activity were new, and they impermissibly sought to "expand the scope" of the allegations in the original charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 503 (7th Cir. 1994). Therefore, the letter did not amend the original charge.

Even if the letter did amend the original charge, expanding the allegations to include the retaliation complained of in the letter, the expansion would not reach the claims of retaliation under the ADEA and Title VII at issue here. The letter alleged that Krzeptowski objected to the denial of accommodation for his disability and asserted his worker's compensation rights—conduct unrelated to rights protected by the ADEA and Title VII. This was not sufficient to put Corrugated on notice of age- and national origin-related retaliation claims against it.

Corrugated's motion to dismiss Counts VII and XI is granted. The claims are dismissed without prejudice. *See Greene v. Meese*, 875 F.2d 639, 643 (7th Cir. 1989) ("[T]he proper remedy for a failure to exhaust administrative remedies is to dismiss

the suit without prejudice, thereby leaving the plaintiff free to refile his suit when and if he exhausts all of his administrative remedies or drops the unexhausted claims.").

### C.     Family and Medical Leave Act

Krzeptowski's FMLA claim covers different theories of relief. First, Krzeptowski alleges that Corrugated retaliated against him for not requesting FMLA leave. "In order to prevail on a FMLA retaliation claim, a plaintiff must present evidence that [he] was subject to an adverse employment action that occurred because [he] requested or took FMLA leave." *Guzman v. Brown Cty.*, — F.3d—, 2018 WL 1177592, at *5 (7th Cir. Mar. 7, 2018). But Krzeptowski does not allege that he requested FMLA leave, and he concedes he did not take FMLA leave. [18] ¶ 194. The FMLA protects an employee's right to take FMLA leave, but it does not protect an employee's right to *not* take FMLA leave. Krzeptowski has not pointed to any authority asserting otherwise, nor am I aware of any. Krzeptowski does refer to case law on the concept of "involuntary leave," a situation in which an employer designates an employee's absence as FMLA leave against the employee's wishes. *See Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 417 (5th Cir. 2006). But this is not what happened to Krzeptowski—neither he nor Corrugated made a decision to put him on FMLA leave.

Second, Krzeptowski claims that Corrugated interfered with his FMLA rights. "To prevail on an FMLA interference claim, an employee need only show that his employer deprived him of an FMLA entitlement." *Burnett v. LFW Inc.*, 472

F.3d 471, 477 (7th Cir. 2006). However, the complaint contains no indication that Krzeptowski ever intended to take FMLA leave. In fact, Krzeptowski repeatedly asserts that Corrugated tried to force him to take FMLA leave. [18] ¶¶ 135, 139, 168, 170. Krzeptowski has pleaded himself out of a claim.

Krzeptowski argues Corrugated should have designated his absence as FMLA leave on its own, without any further action from him. He quotes *Willis* for the proposition that it is not necessarily contrary to the FMLA for an employer to designate an employee's absence as FMLA leave without permission. 445 F.3d at 417–18. That is different than imposing an affirmative duty on Corrugated to place Krzeptowski on involuntary leave, and Krzeptowski cites authority that suggests the opposite—that Corrugated would have potentially opened itself up to liability if it did. *See Hicks v. Leroy's Jewelers, Inc.*, 225 F.3d 659 (6th Cir. 2000) (unpublished); Megan E. Blomquist, *A Shield, Not A Sword: Involuntary Leave Under the Family and Medical Leave Act*, 76 Wash. L. Rev. 509 (2001). In fact, Krzeptowski himself also argues that, in the alternative, Corrugated did place Krzeptowski on involuntary leave, which constitutes interference with his FMLA rights. But this argument is unsuccessful, because, again, Krzeptowski was never on FMLA leave, by involuntary designation or otherwise.

Krzeptowski has a different take on discretionary language when discussing medical certifications—he argues that the FMLA allows Corrugated to request medical certification but does not require it, and therefore Corrugated was wrong to not designate Krzeptowski's absence as FMLA leave because of the unreturned

medical certification. The FMLA does allow Corrugated to request medical certification, and it was within its rights to do so. *See* 29 U.S.C. § 2613(a). Krzeptowski was required to comply with the request. *Id.* Denial of FMLA leave was an appropriate response to Krzeptowski's failure to comply. 29 C.F.R. § 825.313. Krzeptowski's argument that medical certification was unnecessary because Corrugated already had doctors' notes regarding his injuries is not persuasive. Employers are entitled to medical certifications that include specific information, including an estimate of how long leave is expected to be required. *See* 29 C.F.R. § 825.306(a). The doctors' notes Corrugated had in its possession did not include all the certification information Corrugated was entitled to. *See, e.g.*, [18-1] at 23–24.

Finally, Krzeptowski alleges that Corrugated did not provide him with the FMLA paperwork in his native language, Polish, despite knowing that Krzeptowski is not literate in English. The FMLA paperwork at issue here was the written notice that told Krzeptowski what his obligations were—including submission of a medical certification—and explained the consequences of not following through on the obligations. This notice is required to be translated if a significant portion of Corrugated's employees are not literate in English. 29 C.F.R. § 825.300(a)(4), (c)(1). The complaint alleges that "many" of Corrugated's employees are Polish, [18] ¶ 20, which does not establish that the number of Polish employees is "significant" or that the Polish employees are not literate in English. In any event, "a technical violation of an FMLA regulation does not entitle [Krzeptowski] to relief unless [he] can

demonstrate prejudice." *Murray v. AT&T Mobility LLC*, 374 Fed. App'x 667, 671 (7th Cir. 2010). The complaint states that Corrugated brought a Polish interpreter to the meeting in which Krzeptowski was given the forms. [18] ¶ 123. The complaint does not allege that the translation was defective or insufficient. So even assuming Corrugated was required to provide the notice in Polish, Krzeptowski was not prejudiced by the failure to do so.

Corrugated's motion to dismiss Count XIII is granted. The claims are dismissed without prejudice.

### D.    Rule 8 Motion

Corrugated requests that Krzeptowski be required to replead his surviving claims, because the 235-paragraph complaint does not comply with Rule 8's requirement that it be a "short and plain statement" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). I remind Krzeptowski that, as he adamantly argued in his response brief, a complaint only requires enough allegations to state a plausible claim and it need not contain all the facts on which he intends to rely. Krzeptowski makes too many allegations, but each one is relatively brief and can be denied or admitted. So I will not require Krzeptowski to replead his surviving claims, and I will not, as I initially suggested, permit Corrugated to answer with a general denial. Corrugated does not deny the jurisdictional grounds; therefore, Rule 8(b)(3) requires specific admissions or denials. I will, however, give Corrugated sufficient time to answer these hundreds of paragraphs. Should Krzeptowski choose to amend his complaint, he should keep it

short and plain, because the longer his complaint, the more time I will give Corrugated to answer. That delay will be entirely attributable to Krzeptowski.

### E. Motion to Strike

Krzeptowski moved to strike two exhibits attached to Corrugated's reply brief. [34]. I previously ruled that I would not consider Exhibit 2 because it was irrelevant to the motion to dismiss, and I reserved my ruling on Exhibit 1. Exhibit 1 was not considered in resolving the motion to dismiss. The motion to strike is granted.

## IV. Conclusion

Corrugated's partial motion to dismiss [24] is granted in part, denied in part. Counts VII, XI, and XIII are dismissed without prejudice. The motion to strike [34] is granted. A status hearing is set for April 4, 2018, at 9:30 a.m. to set a deadline for Corrugated's answer or Krzeptowksi's amended complaint.

ENTER:

Manish S. Shah
United States District Judge

Date: March 19, 2018